ADVANCE DIE CASTING COMPANY, and Home
Insurance Company, Plaintiffs-Appellants,†

v.

LABOR & INDUSTRY REVIEW COMMISSION,
and Jan E. Niecko, Defendants-Respondents.

Court of Appeals

*No. 89-0656. Submitted on briefs September 5, 1989.—Decided
December 13, 1989.*

(Also reported in 453 N.W.2d 487.)

†Petition to review denied.

241

For the plaintiffs-appellants the cause was submitted on the briefs of *Piette, Nelson, Zimmerman & Dries, S.C.* by *Craig W. Nelson,* of Milwaukee.

For the defendant-respondent Labor and Industry Review Commission the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Stephen M. Sobota,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J. Advance Die Casting Company (Advance) appeals from a judgment affirming a Labor and Industry Review Commission (LIRC) decision. The LIRC awarded Jan E. Niecko (Niecko) compensation for permanent total disability as a result of a compensable back injury occurring on September 20, 1985, while at work for Advance.

Niecko was born on October 2, 1924, in Poland and immigrated to this country in 1951 at which time he commenced working at Advance. He worked there as a die cast operator and later as a setup worker. Niecko was diagnosed as having emphysema, bronchitis and chronic pulmonary disease, which led him to seek federal social security disability under 20 C.F.R. sec. 404.1520 (1983). He stopped working at Advance on March 5, 1985, and began using his accumulated non-industrial sick leave due to his lung disease. After a social security hearing, a federal administrative law judge denied his disability claim for his lung problems on June 18, 1985, because the judge determined that he could still work as long as he was not exposed to dust and fumes. Niecko continued to use his sick leave. On August 15, he sought reconsideration of a social security disability claim, but it was denied. When his sick leave was exhausted, he returned to work at Advance. In early September 1985, he worked only two and a half days due to respiratory problems. He then went on vacation. Upon returning to work on September 16, he was assigned to light-to-medium work in the casting cleaning area, assembling valves. While at work on September 20, 1985, Niecko injured his back while bending and lifting. As a result, he was unable to return to work and retired in March 1986.

On March 19, 1986, he received a favorable decision from a federal administrative law judge in the Social Security Administration. The judge held that Niecko's

pulmonary disease constituted a continuous disability from March 5, 1985, under the terms of the Social Security Act and thus, entitled Niecko to Social Security disability benefits as of that date. When Niecko received this decision, he notified Advance that he was retiring.

Niecko had received $7,383 in temporary disability payments from Advance before March 17, 1986, when he filed a worker's compensation claim for permanent total disability, the filing of which was two days before the favorable social security disability ruling noted above. After the filing of the total disability worker's compensation case, Advance filed an answer admitting temporary disability from September 20, 1985, to March 1, 1986, but denying total disability. On February 2, 1988, after a hearing before a state administrative law judge on September 8, 1987, Niecko was found to be totally disabled as a result of the September 20, 1985, back injury, and entitled to worker's compensation benefits.

Advance petitioned LIRC for review. While conceding the back injury of September 20, 1985, was work related, it took issue with the nature and extent of the disability. On May 13, 1988, LIRC set aside the findings and order and submitted its own amended findings and order. The pertinent parts of LIRC's findings of fact and conclusions read as follows:

## AMENDED FINDINGS OF FACT

The applicant was born in Poland on October 2, 1924. He has the equivalent of a high school education. The applicant came to the United States in 1951, and he first began working for respondent in 1951. He did heavy work as a die cast operator and as a setup worker.

The applicant went on a nonindustrial sick leave due to a lung problem March 5, 1985. He considered

retiring due to this illness, and he applied for social security disability benefits. These were not granted. The applicant then returned to work in September of 1985. Respondent assigned him to light-to-medium work in the casting cleaning area, assembling valves. His work injury occurred on September 20, 1985, when he felt back pain while bending and lifting. The applicant was unable to return to work and retired in March 1986.

Respondent asserts that it was the applicant's lung condition which caused him to retire, rather than the work-related back injury. Respondent further asserts that applicant was totally disabled due to this lung condition prior to the work injury of September 1985. It is clear from the record that the applicant had severe lung disability prior to September 20, 1985; and that on March 19, 1986, he received a ruling from the Social Security Administration to the effect that his chronic, obstructive pulmonary disease constituted a "disability" under the Social Security Administration Guidelines, which entitled him to social security disability benefits. He thereafter retired.

The applicant applied for social security disability due to his lung condition in March 1985, but the Social Security Administration found in June 1985 that he was still able to perform work in nondusty environments, and that he was not entitled to social security disability benefits. When the applicant's 26 weeks of sick leave ran out, he returned to work on September 4, 1985, but worked only two and one-half days before stopping due to breathing difficulties. He then returned to work on September 16, 1985, and continued to work until sustaining the injury to his back on Setember [sic] 20, 1985. The credible medical opinions of Dr. Gaenzlen [sic] and Dr. Dudenhofer [sic] established that on September 20, 1985, applicant sustained a work-related compression fracture at

T–12. The applicant had preexisting osteoporosis but was asymptomatic with respect to this condition, prior to the work-related compression fracture. The opinions of these physicians further established that the applicant is severely restricted due to the work injury, and cannot perform work which would require any significant back strain. Considering all the medical opinions and the factors set forth in Chapter Ind 80.34 of the Wisconsin Administrative Code, it is clear that the applicant can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, and he is therefore permanently, totally disabled.

The fact that the applicant was also judged by the Social Security Administration in March 1986, to have been eligible for social security disability benefits, does not change the fact that his work injury rendered him permanently totally disabled. The assertion that the applicant was permanently, totally disabled prior to September 20, 1985, is rejected because he continued to work up to that date. There is little doubt that had the applicant not sustained the work injury on September 20, 1985, he would have shortly thereafter been required to cease working due his lung condition [sic]. However, the controlling fact is that he had not ceased working at the time he sustained the work injury which caused permanent total disability.

Total disability benefits September 20, 1985 to November 1, 1987 amount of 110 weeks and one day at $219.19 per week for a total of $24,147.43. It is assumed that the prior payments for both temporary and permanent partial disability total $15,483. The attorney is awarded a fee now of $2,201.39 and costs of $1,475.34. The net amount to the applicant now is $8,664.43. Commencing December 1, 1987, both the applicant and the attorney are to receive additional

monthly payments with the terminal payment to the attorney on October 1, 1995 due to the 500 week attorney fee maximum. All future payments are contingent on the applicant's survival. The future payments beyond November 1, 1987 are not set forth below in detail as they are subject to a redetermination due to the offset beginning January 1, 1988. The parties should contact the computation section of the division for details as to this. The order will remain Interlocutory due to the unlikely possibility that the applicant's disability status could change.

NOW, THEREFORE, this

## INTERLOCUTORY ORDER

Within ten days from date hereof, respondent and its insurance carrier are to make payment as follows: to the applicant, directly, the sum of Eight thousand six hundred sixty-four dollars and forty-three cents ($8,664.43); to the office of his attorney, Thomas C. Bush, the sum of Two thousand two hundred one dollars and thirty-nine cents ($2,201.39) as a fee and the further sum of One thousand four hundred seventy-five dollars and thirty-four cents ($1,475.34) as costs; that commencing December 1, 1987, future payments to booth [sic] the attorney and the applicant are to be made based on the applicant's total disability and the appropriate social security offset. Jurisdiction is reserved for such further findings and orders as may be necessary.

LIRC concluded that because of the compensable back injury Niecko sustained on September 20, 1985, he incurred a permanent total disability under sec. 102.44, Stats., and chapter Ind. 80.34 of the Wisconsin Administrative Code. LIRC determined that Niecko's injury resulted in a total loss of earning capacity under Wisconsin's adoption of the odd-lot doctrine.

Advance sought judicial review of LIRC's adverse decision claiming that it acted without or in excess of its powers in awarding permanent total disability because the facts it found do not support the order made. It demanded that the order be set aside pursuant to sec. 102.23(1)(e)1. and 3., Stats. Advance argued that since Niecko was already totally disabled because of the lung disease, Niecko was not entitled to compensation for loss of earning capacity due to the back injury. Advance claims that Niecko retired because of the lung disease, a pre-existing condition not related to his employment. Niecko and LIRC answered seeking confirmation of the award pursuant to sec. 102.23(1)(e). The trial court held that there was substantial evidence in the record to support LIRC's findings "that the defendant 'can perform no services other than those which are so limited in quality, dependability or quantity that a reasonably stable market for them does not exist, and he is therefore permanently, totally disabled.' " Wis. Admin. Code, sec. Ind. 80.34. Thus, the trial court confirmed LIRC's award to Niecko for worker's compensation benefits for total disability based on Niecko's loss of earning capacity. The controlling fact for LIRC's determination and the trial court's affirmance was that Niecko did not cease working at the time he sustained the back injury that caused his permanent total disability. Thus, Niecko was not permanently totally disabled prior to the date of his injury.

On appeal, Advance raises the same issues. It first claims that the facts found by LIRC do not support the award of permanent total disability because he had retired before the September 20, 1985 back injury due to his lung disease, a noncompensable injury. Second, Niecko was permanently totally disabled prior to the

248

injury and thus, he suffered no loss of earning capacity as a result of the back injury.

This court notes that the thrust of Advance's arguments to this award is based on the fact that Niecko sought social security disability benefits for his lung problem before and after his work injury. We note that on March 19, 1986, Niecko finally received social security disability benefits retroactive to the date of his claim of March 5, 1985. Because of this happenstance, Advance claims that he was retired before the date of his back injury arguing that he is not entitled to the awarded worker's compensation benefits for permanent total disability based on his loss of earning capacity under Wisconsin's adoption of the odd-lot doctrine. Advance concludes that this court is required to set aside the award because the award is not supported by undisputed facts, and LIRC acted without and in excess of its authority as a matter of law pursuant to sec. 102.23(1)(e), Stats.

LIRC responds to this argument by asserting that there was substantial evidence supporting its finding that Niecko sustained permanent total disability as a result of his back injury, and those findings are conclusive. LIRC further contends that the worker's compensation law is remedial, and it should be liberally construed to affect its purpose.

Agency findings of fact are conclusive if supported by credible evidence, and no court may substitute its judgment for that of the agency as to the weight or credibility of the evidence on any finding of fact.[1] Evidence is substantial when it is relevant, probative and

[1]Sec. 102.23(1) and (6), Stats.; *Manitowoc County v. DILHR,* 88 Wis. 2d 430, 437, 276 N.W.2d 755, 758 (1979); *Amtronix Indus., Ltd. v. LIRC,* 115 Wis. 2d 108, 114–15, 339 N.W.2d 802, 805 (Ct. App. 1983).

credible in an amount permitting a reasonable fact-finder to base conclusions on it and requires that such findings must be upheld.[2] Substantial evidence need not be a preponderance of the evidence.[3] An agency decision can be set aside by a reviewing court only after examination of the entire record, and the evidence and inferences therefrom, "is found to be such that a reasonable person, acting reasonably, could not have reached the decision from the evidence and its inferences."[4]

The LIRC's findings of fact included that Niecko suffered his back injury at work on September 20, 1985. This fact stands uncontroverted in the record. It follows that Advance's argument that he was retired is belied by this fact alone. That fact is further supported by Advance's answer to Niecko's claim for permanent total disability. In that answer, Advance admits the injury occurred when claimed. It admits Niecko was an employee at the time of his injury. It admits that both Niecko and Advance were subject to the Worker's Compensation Act. It admits that Niecko was performing services growing out of and incidental to his employment. It admits that the back injury arose out of that employment, and it finally admits that Advance paid $7,383 in compensation to Niecko to the date of his claim as a result of the injury. There is not just substantial evidence that Niecko injured his back on the date in question while at work, and not while in retirement, but

[2] *Princess House, Inc. v. DILHR,* 111 Wis. 2d 46, 54, 330 N.W.2d 169, 173-74 (1983).

[3] *The Farmers Mill of Athens, Inc. v. DILHR,* 97 Wis. 2d 576, 579, 294 N.W.2d 39, 41 (Ct. App. 1980).

[4] *Hamilton v. DILHR,* 94 Wis. 2d 611, 618, 288 N.W.2d 857, 860 (1980).

that evidence is uncontroverted. No court can dispute such a finding by LIRC based on this record.

Advance next attacks LIRC's finding that Niecko suffered permanent total disability because he had no earning capacity under Wisconsin's adoption of the odd-lot doctrine pursuant to sec. 102.44, Stats., the total disability statute, and Wisconsin's Administrative Code, sec. Ind. 80.34. Section Ind. 80.34 of the Code applies loss of earning capacity to injury under the odd-lot doctrine when an employee, due to age, education, training, previous work experience and earnings, present occupation and earnings, and likelihood of future suitable occupational change, can be determined to be totally disabled due to loss of earning capacity.

Our supreme court has held that "the 'odd-lot' doctrine is a rule of evidence, and, once the claimant *prima facie* proves 100 percent disability upon the basis of future unemployability, the burden is upon the employer to rebut that *prima facie* showing and to demonstrate 'that some kind of suitable work is regularly and continuously available to the claimant.' "[5] That court stated, in the employment of the odd-lot doctrine for nonscheduled industrial injuries, that the crucial factor in establishing permanent total disability was proof of total and permanent impairment of earning capacity.[6] Our appellate courts have held that the agency's "determination of the disability, its cause, its extent, or duration . . . [is] conclusive [on courts] if supported by credible evidence."[7] If

[5]*Balczewski v. DILHR,* 76 Wis. 2d 487, 497, 251 N.W.2d 794, 799 (1977); *see* 2 Larson, *Workmen's Compensation Law* sec. 57.61(c) at 10-178-181 (1986).

[6]*Balczewski,* 76 Wis. 2d at 492, 251 N.W.2d at 797 (citing *Kurschner v. DILHR,* 40 Wis. 2d 10, 18, 161 N.W.2d 213, 217 (1968)).

[7]*Manitowoc County,* 88 Wis. 2d at 437, 276 N.W.2d at 758

evidence of the degree of physical disability coupled with other factors "such as mental capacity, education, training, or age, establish *prima facie* that the employee will be unable to obtain regular and continuous employment and is therefore in the 'odd-lot' category."[8] The burden then switches to the employer to show regular and continuous employment is available.[9]

Advance argues that because Niecko had a pre-existing noncompensable pulmonary condition verified by medical doctors and vocational rehabilitation experts' testimony and reports, that he was physically disabled to do any work. Advance buttresses its argument with the fact that a social security administrative law judge found Niecko totally disabled under 20 C.F.R. sec. 404.1520(f). That judge determined that he was entitled to social security benefits under 20 C.F.R. secs. 215(i) and 223, respectively, retroactive to his March 5, 1985 claim. Thus, Advance concludes that because of this ruling Niecko was retired on March 5, 1985.

We note that LIRC considered this evidence in its decision but rejected this evidence because those matters did not change the fact that Niecko was injured while working for Advance and had not retired at the time of his back injury. LIRC relied on the testimony and reports of Dr. Paul A. Dudenhoefer, M.D. and the report of Advance's medical expert, Dr. Frederick G. Gaenslen, M.D., both of whom noted that Niecko was permanently disabled as a result of his back injury and that he was

(quoting from *Vande Zande v. DILHR,* 70 Wis. 2d 1086, 1095, 236 N.W.2d 255, 259-60 [1975]); *Travelers Ins. Co.: Crucible Steel Casting Co. v. DILHR,* 85 Wis. 2d 776, 780-81, 271 N.W.2d 152, 155 (Ct. App. 1978).

[8]*Travelers Ins. Co.,* 85 Wis. 2d at 781, 271 N.W.2d at 155.
[9]*Id.*

not suitable for any work involving strain. LIRC then concluded that this permanent disability, coupled with the odd-lot factors found in sec. Ind. 80.34, rendered him permanently disabled because of loss of earning capacity. It is well-established that an agency's findings on disputed medical evidence is conclusive even if a court might have ruled differently.[10] It is only when the agency's findings are incredible as a matter of law that a reviewing court will reverse the agency findings.[11] The agency's decision must support a finding of permanent total disability from competent medical evidence.[12] But, when there is permanent total disability coupled with the odd-lot factors, total disability can be determined by the agency based on loss of earning capacity.[13] Our supreme court has held that where facts are plead as a defense to a worker's compensation case, the agency is not required to make a specific finding concerning the defense, but it is a better practice to do so.[14]

LIRC considered Advance's retirement/social security disability argument and properly rejected it because on the day Niecko injured his back he was not retired. The evidence unequivocally shows that he was working for Advance. The agency's findings of permanent total disability for Niecko's back injuries were grounded on competent medical evidence in the record and reports which were introduced into the record by Advance. That

---

[10]*Mednicoff v. DILHR,* 54 Wis. 2d 7, 19, 194 N.W.2d 670, 676 (1972).

[11]*Id.*

[12]*Universal Foundry Co. v. DILHR,* 82 Wis. 2d 479, 489–90, 263 N.W.2d 172, 177–78 (1978).

[13]*See* footnotes 8 and 9 and accompanying text.

[14]*Universal Foundry Co.,* 82 Wis. 2d at 488, 263 N.W.2d at 177.

finding is conclusive on any court. The agency's finding that the permanent total disability for Niecko's back injury, coupled with its finding that such injury was permanent due to his loss of earning capacity under the sec. Ind. 80.34 factors, rendered that Niecko could not perform any services "other than those which are so limited in quality, dependability, or quantity that a reasonable stable market does not exist" is abundantly clear in this record. At the time of its decision, Niecko was sixty-three years old; he had the equivalent of a high school education; he had worked in Advance foundry for thirty-five years; he was trained only to do heavy work as a die cast operator and setup worker for all of those years in the employ of Advance; and, he had no other work training experience. Those facts clearly support the agency's finding of an odd-lot permanent total disability due to the loss of earning capacity.

These findings of fact are based on credible substantial evidence, and inferences from such evidence, that are conclusive on this court because the findings show the cause, extent and duration of Niecko's back injury that occurred while working for Advance.

The agency was therefore correct in finding that Niecko's work-related back injury was permanent and total. The agency was also correct in finding that Niecko met the substantial evidence test since he made a *prima facie* showing that the injury coupled with the odd-lot factors of sec. Ind. 80.34 rendered him permanently totally disabled for regular continuous employment. Thus, Niecko's job opportunities and earning capacity were rendered totally impaired. Finally, there is simply no evidence in the record that Advance met its burden showing availability of regular and continuous employment in Niecko's future.

Advance also argues that other physicians and vocational experts' testimony and reports conclusively show that Niecko was permanently totally disabled because of his pulmonary problems that pre-existed the date of the back injury. The record reflects that there is no doubt that Niecko suffered from serious pulmonary problems prior to the time of his back injury, and that he attempted to obtain social security disability benefits prior to the date of the back injury. The undisputed fact of the matter is that despite these problems, Niecko remained in the employment of Advance, and that he was working at the time of his back injury. In reviewing agency findings, no appellate court will set aside findings that obviously reject such evidence because that is the exclusive realm of the agency as fact-finder.

Finally, Advance argues that Niecko stated that if his March 5, 1985 claim for social security disability benefits were approved, he would retire immediately. The record reflects that Niecko retired shortly after he received the favorable social security disability ruling of March 19, 1986. On this subject, our supreme court has rejected the employer's contention that an employee's right to recover disability benefits were cut off by the fact that he voluntarily retired from his job.[15] Even if Advance's arguments had merit, because of Niecko's statements that he would retire if he received social security disability benefits for his pulmonary problems, they are of no avail here because he did not retire until after that favorable decision of March 19, 1986. Regardless of that supreme court holding, the fact of the matter is that Niecko was not retired when he injured his back

---

[15]*Kohler Co. v. DILHR,* 42 Wis. 2d 396, 402–04, 167 Wis. 2d 431, 433–34 (1969).

while working at Advance. Niecko is entitled to worker's compensation for his back injury, which resulted in a permanent total disability based on his loss of earning capacity.

The trial court was correct in rejecting Advance's demands to set aside LIRC's fact findings and decision.

*By the Court.*—Judgment affirmed.

FINE, J. (*dissenting*). The majority holds that there need not be a causal connection between a compensable injury and an employee's inability to work when the employee seeks disability benefits based on lost earning capacity. The majority thus sanctions an award of full lost-earning-capacity disability benefits to an employee who, for all intents and purposes, is totally disabled from a non-compensable illness.

Jan E. Niecko originally sought permanent total disability benefits based on both his September 20, 1985, back injury and his serious lung disease. He later withdrew the lung-disease claim. The Labor and Industry Review Commission determined that Niecko's back injury caused him permanent partial disability equal to fifteen percent of the body as a whole, but awarded him one-hundred percent permanent total disability even though it recognized that had Niecko "not sustained the work injury [to his back] on September 20, 1985, he would have shortly thereafter been required to cease working due [to] his lung condition." The crux of the Commission's rationale, and the majority's affirmance, is that Niecko "had not ceased working at the time" of his September 20, 1985, back injury even though he was essentially totally disabled at that time as a result of his lung disease.

The Commission, the trial court, and the majority ignore the statutory command that the compensable

injury must be the cause of the disability that underlies an award.[1] *See* sec. 102.03(1)(a) and (e), Stats., ("Liability under this chapter shall exist against an employer only where . . . the employe [sic] sustains an injury" and where "the accident or disease causing injury arises out of his employment."). *Cf.* sec. 102.175, Stats., (Liability for two or more compensable injuries must be "apportioned according to the proof of the relative contribution to disability resulting from the injury."). *See also* Wis. Adm. Code, sec. Ind. 80.34(1) ("Any departmental determinations as to the loss of earning capacity for injuries arising under s. 102.44(2) and (3), Stats., shall take into account the effect of the injured employe's [sic] permanent physical and mental limitations *resulting from the injury* upon present and potential earnings . . .." [Emphasis added]). Since the Commission disregarded its mandate, it acted in "excess of its powers." *See* sec. 102.23(1)(e)1, Stats. The award should be set aside, and the matter remanded to the Commission for a determination of the extent to which, if any, Niecko's back injury, standing alone, affected his earning capacity.

---

[1]At the September 7, 1987, hearing on the back claim, Niecko testified that he retired because of a favorable disability ruling by the Social Security Administration of the United States Department of Health and Human Services, which awarded him disability benefits because of his lung disease but not his back problem.