Leon IRBY, Petitioner-Appellant,

v.

Stephen BABLITCH, Respondent-Respondent.

Court of Appeals

*No. 91-2791. Submitted on briefs May 8, 1992.—Decided August 20, 1992.*

(Also reported in 489 N.W.2d 713.)

For the petitioner-appellant the cause was submitted on the briefs of Leon Irby, pro se, of Waupun.

For the respondent-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *E. Gordon Young,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. Leon Irby is an inmate at Waupun Correctional Institution (WCI). He appeals from an order dismissing his writ of certiorari in part and remanding the decision of the secretary of the Department of Corrections for further proceedings. Irby was subject to several conduct reports which were either dismissed or the decision of the disciplinary committee was reversed. WCI expunged the conduct reports from Irby's case records. However, WCI retained in Irby's case records the incident reports from which the conduct reports were written.

Irby sought by complaint under the Inmate Complaint Review System to have the incident reports removed from his institution files. He also claimed that photocopies of expunged conduct reports were attached to the incident reports and were improperly retained in his records.

The circuit court affirmed the secretary's decision to dismiss Irby's complaint to the extent Irby claims that Wis. Adm. Code sec. DOC 303.85(2) requires that incident reports associated with expunged conduct reports also be expunged from his case records. However, the circuit court remanded the decision to the secretary to consider whether Irby is entitled to have copies of expunged conduct reports removed from the incident reports and to have references to the expunged conduct reports removed from all documents in the institution.

We conclude that Wis. Adm. Code sec. DOC 303.85(2) applies to incident reports as well as conduct reports. We therefore reverse the circuit court's order and direct that the court remand the cause to the secretary of the department with directions to apply sec. DOC

657

303.85(2) to incident reports as well as conduct reports. Our decision moots that part of the circuit court's order which remanded the matter to the secretary.

Wisconsin Adm. Code sec. DOC 303.85(2) provides:

> Records of alleged disciplinary infractions which have been dismissed or in which the inmate was found not guilty may be kept for statistical purposes, but they may not be considered in making program assignment, transfer, or parole release decisions, *nor may they be included in any inmate's case record.* [Emphasis added.]

" 'Case record' means any file folder or other method of storing information which is accessible by the use of an individual inmate's name or other identifying symbol." Wisconsin Adm. Code sec. DOC 303.02(4).

The secretary interpreted sec. DOC 303.85(2) as follows:

> The Department interprets "records of alleged disciplinary infractions" to mean actual references to conduct reports and disciplinary dispositions. It does not include references to the behavior that underlies the conduct report. I have requested the records custodian to delete any actual references to the conduct report that was dismissed which appear in the referenced reports in your case records. Copies of the original records will be kept for statistical purposes. Your dismissed conduct report will not be used in making program assignments, transfer or parole decisions.

Letter from Patricia A. Goodrich, Secretary of the Department of Corrections, to Leon Irby (January 23, 1989).

658

■

An administrative agency's interpretation of its own rules is entitled to controlling weight unless inconsistent with the language of the regulation or clearly erroneous. *Plumbers Local No. 75 v. Coughlin,* 166 Wis. 2d 971, 978, 481 N.W.2d 297, 300 (Ct. App. 1992). We conclude that the secretary's interpretation of Wis. Adm. Code sec. DOC 303.85(2) is clearly erroneous.[1]

The secretary's interpretation excludes incident reports as "records of alleged disciplinary infractions." The record contains several incident reports of incidents involving Irby. Each report is on a standard form. Each includes the following information: "Type of Incident," "Incident Description," "Action Taken by Line Supervisor-Reason(s) for Action," and "Further Action Taken-Reason(s)." The incident reports contain much of the information contained in the conduct reports, including the disposition of the conduct report by the disciplinary committee. The "Type of Incident" is generally expressed in terms of the disciplinary rule allegedly violated. We conclude that the incident report constitutes a "record of alleged disciplinary infraction" which must be expunged under Wis. Adm. Code sec. DOC 303.85(2).

■

We therefore reverse the circuit court's order and remand the cause to the court with directions to remand the matter to the secretary of the department to expunge from Irby's case records all incident reports which relate

---

[1]Because the secretary's interpretation of Wis. Adm. Code sec. DOC 303.85(2) is clearly erroneous, she did not act "according to law" when she denied Irby's appeal. Our standard of review of the secretary's decision is therefore satisfied. *See State ex rel. Irby v. Israel,* 95 Wis. 2d 697, 703, 291 N.W.2d 643, 646 (Ct. App. 1980).

to an incident for which an expunged conduct report was written.

*By the Court.*—Order reversed and cause remanded with directions.