Eugene BOLDT, Petitioner-Appellant,†

v.

LABOR & INDUSTRY REVIEW COMMISSION, State of Wisconsin, and General Motors Corporation, Respondents-Respondents.

Court of Appeals

*No. 91-2625. Submitted on briefs May 8, 1992.—Decided December 30, 1992.*

(Also reported in — N.W.2d —.)

†Petition to review denied.

470

471

For the petitioner-appellant the cause was submitted on the briefs of *A. Steven Porter* of Madison.

For the respondent-respondent, Labor & Industry Review Commission, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *David C. Rice,* assistant attorney general.

For the respondent-respondent, General Motors Corporation, the cause was submitted on the brief of *George D. Cunningham* and *David A. Castagna* of *Foley & Lardner* of Milwaukee.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J.   Eugene Boldt appeals from a circuit court judgment which affirmed an order of the Labor and Industry Review Commission (LIRC). LIRC's order dismissed his Wisconsin Fair Employment Act (WFEA) complaint because he failed to show probable cause that he was discriminated against because of handicap. We conclude that LIRC committed no reversible error. Accordingly, we affirm.

Boldt was employed by General Motors Corporation in Janesville as a night watchman. In 1982, he complained to a co-worker about problems at home and at work and threatened violence if matters did not improve. The co-worker informed a supervisor of this threat. Boldt was called in to see Irvin Miller, the administrator of General Motors' employee assistance program. Miller, Boldt and others discussed Boldt's problems. All agreed that Boldt should seek psychiatric help. Miller called a psychiatrist, Dr. Frechette, to make an appointment for Boldt. Dr. Frechette treated Boldt for a time, but discontinued treatment when, as Boldt testified, Dr. Frechette

472

told him that he did not have to continue to see him. Dr. Frechette concluded that Boldt suffered from depression. Altogether, Boldt visited Dr. Frechette about eight times.

In April 1987, Boldt was discovered making harassing phone calls while at work. He was criminally prosecuted and convicted. On April 24, 1987, he was called to a meeting with Miller and other General Motors supervisors. He admitted to making the phone calls and explained that he did so to redress personal grievances. A supervisor mentioned that Boldt had previously seen Dr. Frechette at General Motors' suggestion. Boldt testified that he replied that he would make an appointment to see Dr. Frechette. Sometime later, General Motors gave Boldt the option of early retirement or termination. Boldt would not agree to early retirement and was therefore fired.

Boldt brought a complaint before the Equal Rights Division of the Department of Industry, Labor and Human Relations asserting discrimination in regard to age, arrest record and mental illness, a handicap. The department issued an initial determination that there was no probable cause to believe that General Motors violated the WFEA. Boldt requested a probable cause hearing pursuant to Wis. Adm. Code sec. Ind 88.08. After a hearing at which Boldt, Dr. Frechette, Irvin Miller and others testified, the administrative law judge (ALJ) concluded that there was no probable cause to believe that General Motors had discriminated against Boldt in any of the three ways alleged. Accordingly, he dismissed Boldt's complaint. Boldt appealed to LIRC, which affirmed the ALJ after making findings of fact and conclusions of law. Boldt appealed to the circuit court, and after an adverse decision, to this court. He

asserts error only as to LIRC's determination as to handicap.

Boldt claims that LIRC erred in two ways. First, LIRC held him to an improper burden of proof at his probable cause hearing. Second, he argues that, contrary to LIRC's finding, he was terminated from General Motors because of his handicap. As a part of this second argument, Boldt contends that General Motors failed to show that his handicap was reasonably related to his ability to perform his job and that it was unable to accommodate his handicap.

## STANDARD OF REVIEW

Wisconsin Adm. Code sec. Ind 88.01(8) defines the term "probable cause" for the purpose of interpreting the WFEA, secs. 111.31–111.395, Stats., as follows:

> "Probable cause" means a reasonable ground for belief, supported by facts and circumstances strong enough in themselves to warrant a prudent person in the belief, that discrimination . . . probably has been or is being committed.

"An administrative agency's interpretation of its own rules is entitled to controlling weight unless inconsistent with the language of the regulation or clearly erroneous." *Irby v. Bablitch*, 170 Wis. 2d 656, 659, 489 N.W.2d 713, 714 (Ct. App. 1992). LIRC was applying Wis. Adm. Code sec. Ind 88.01(8) to the facts of this case when it concluded: "There is no probable cause to believe that General Motors discriminated against Eugene Boldt because of handicap, in violation of the Wisconsin Fair Employment Act, when it terminated his employment in May 1987." We therefore review this

474

conclusion to determine whether it is inconsistent with the language of sec. Ind 88.01(8) or is clearly erroneous.

## DECISION

Boldt argues that LIRC erred by requiring him to prove his case by a preponderance of the evidence. He asserts that this is a higher standard than the "probable cause" standard of Wis. Adm. Code sec. Ind 88.01(8), and that he "is entitled to a finding of probable cause if there is any credible evidence in the record sufficient to support such a finding." He equates a probable cause hearing under Wis. Adm. Code sec. Ind 88.08 with a preliminary hearing in a criminal case or a motion to dismiss, or for summary judgment, in a civil case.

A Wis. Adm. Code sec. Ind 88.08 hearing is not the same as the civil and criminal hearings Boldt suggests as analogies. LIRC is entitled to make credibility determinations at probable cause hearings; magistrates may not do so at preliminary hearings. *State v. Dunn*, 121 Wis. 2d 389, 397, 359 N.W.2d 151, 154–55 (1984). Summary judgment and motion to dismiss decisions are based on documents; administrative agency decisions are based on testimony. Nor does "any credible evidence" accurately define the test LIRC is to use. Some credible evidence of discrimination might exist, but LIRC could still conclude that upon all of the evidence produced at a sec. Ind 88.08 hearing, it was not probable that discrimination had occurred.

The concept set out in Wis. Adm. Code sec. Ind 88.01(8) focuses on probabilities, not possibilities. *Pucci v. Rausch*, 51 Wis. 2d 513, 519, 187 N.W.2d 138, 142 (1971), discusses the difference between these terms. Section Ind 88.01(8) adopts the viewpoint of a prudent,

rather than a speculative, imaginative or partisan person. As such, it contemplates ordinary, everyday concepts of cause and effect upon which reasonable persons act. It is LIRC's duty to consider the facts of each case and determine whether they meet this fluid concept.

Boldt asserts that LIRC required him to prove by the preponderance of the evidence that he was the victim of discrimination. This is incorrect. LIRC nowhere uses the term "preponderance of the evidence." LIRC required Boldt to prove that probable cause existed. But not even Boldt asserts that General Motors was required to prove absence of probable cause. Though the standard of proof at a probable cause hearing is low, the burden of showing probable cause rests on Boldt. See *State v. Hanson*, 98 Wis. 2d 80, 91–97, 295 N.W.2d 209, 215–18 (Ct. App. 1980), *aff'd*, 100 Wis. 2d 549, 302 N.W.2d 452 (1981), for a discussion of standard of proof. Boldt and the dissent confuse the standard of proof required of him (probable cause) with the burden that Boldt bears to present enough evidence, or prove, that discrimination probably occurred.

Boldt argues that the evidence supports a finding that he was probably handicapped, or that General Motors probably perceived him to be so, and that he was terminated because of this handicap. But this is not the test we use in reviewing LIRC's conclusion. A "handicapped individual" is a person who has a physical or mental impairment, or has a record of such an impairment, or is perceived as having such an impairment. Section 111.32(8), Stats. We review LIRC's conclusion only for inconsistency with Wis. Adm. Code sec. Ind 88.01(8) or sec. 111.32(8), and to determine whether it is clearly erroneous. We therefore will examine the evidence for this purpose.

Boldt focuses on the 1982 incident to show that Irvin Miller of General Motors knew that Boldt was mentally impaired in 1987. But although Miller referred Boldt to a psychiatrist in 1982 because of problems at home and work, Dr. Frechette did not tell anyone at General Motors whether Boldt was mentally impaired, or whether any impairment was cured. Boldt did not discuss his treatment with Miller, except to say that he was seeing Dr. Frechette because he and his wife were fighting. Miller testified that he did not know that Boldt had a psychiatric problem in 1987. Miller did not testify, as Boldt asserts, that Boldt's mental problems were creating "a performance problem related to his work." Miller gave no cause for the admitted performance problem.

Boldt connects the 1982 incident to the 1987 incident by Miller's testimony that at the 1987 meeting with Boldt, "We, we reminded him that we had had some previous performance problems with him, and that, that he had seen Frechette previously, yes." Boldt concedes that Dr. Frechette did not testify that in 1987 he was suffering from a mental illness. Though asked whether Boldt was depressed or appeared depressed, Dr. Frechette answered only that Boldt's major concern in 1987 was his job situation. Boldt asserts, however, that Dr. Frechette did not testify that Boldt's 1982 depression had been cured, only that his condition had improved.

■

LIRC's conclusion that Boldt had failed to show that he suffered from a handicapping mental illness in 1987 is neither clearly erroneous nor inconsistent with Wis. Adm. Code sec. Ind 88.01(8) or sec. 111.32(8), Stats. Though we defer to LIRC's conclusion, we come to the same conclusion. Concern with a job situation is, by itself, not a mental illness. General Motors could not

have terminated Boldt's employment because of his record of depression, nor could it have perceived Boldt as having a mental illness because there is no evidence that General Motors knew of Boldt's depression. Fighting with one's spouse is, by itself, not a mental illness. Knowledge of spousal disputes does not constitute a record of mental illness. Nor is there evidence that General Motors perceived Boldt as suffering from a mental illness. At the time that it terminated Boldt's employment, all that its managers knew of Boldt's problems was that he had fought with his wife in 1982, for which he saw a psychiatrist, and made harassing telephone calls in 1987. LIRC specifically found Boldt's testimony about seeking psychiatric help in 1987 not to be credible. We do not upset an agency's findings as to the credibility of witnesses. *Advance Die Casting Co. v. LIRC*, 154 Wis. 2d 239, 249, 453 N.W.2d 487, 491 (Ct. App. 1989). Again, though we defer to LIRC's conclusion that General Motors did not believe or perceive Boldt to be suffering from a mental illness, we agree with that conclusion. Though we defer to LIRC's conclusion of lack of probable cause, that conclusion is inescapable.[1] Accordingly, we affirm LIRC's order.

General Motors asks that we assess costs and fees for a frivolous appeal pursuant to Rule 809.25(3), Stats. An appeal is frivolous if brought in bad faith, or if the party or the party's attorney knew, or should have known, that the appeal was "without any reasonable basis in law or equity and could not be supported by a

---

[1] Because of this conclusion, we do not reach Boldt's assertion that General Motors failed to show that his handicap was reasonably related to his ability to perform his job, or that General Motors was required to reasonably accommodate his handicap.

good faith argument for an extension, modification or reversal of existing law." Rule 809.25(3)(c), Stats. There is no evidence of bad faith. The result in this case became inescapable once we held that LIRC could make credibility findings when making a determination of probable cause, and when we determined that a probable cause hearing was unlike a criminal preliminary hearing or a summary judgment. But we cannot say that the resolution of these matters was so clear-cut as to make this appeal frivolous. Accordingly, we deny General Motors' request for costs and fees pursuant to Rule 809.25(3).

*By the Court.*—Judgment affirmed.

SUNDBY, J. (*dissenting*). I express no opinion as to whether General Motors discharged Boldt because of handicap, in violation of the Wisconsin Fair Employment Act (WFEA). Nor do I express an opinion as to whether there was probable cause to believe that Boldt was discriminated against because of handicap. I conclude, however, that the Labor and Industry Review Commission (LIRC) erroneously imposed on Boldt the requirement that he "prove" that he was discriminated against. In its memorandum decision, LIRC stated: "Considering the entire record, the Commission was left with the definite conviction that *Boldt failed to prove* that the misconduct in which he engaged was the result of a mental illness or that GM perceived it to have been the result of a mental illness." (Emphasis added.)

LIRC cites *Marshall v. Industrial Comm'n*, Case No. 120–078, 1 EPD ¶ 9772 (Dane County Circuit Court, February 23, 1967), where the circuit court, prior to the adoption by the department of Wis. Adm. Code sec. Ind 88.01(8), defined "probable cause" to mean "proof within reasonable probabilities that a full hearing

will establish the fact [of discrimination] to a reasonable certainty *by a preponderance of the evidence.*" (Emphasis added.) In its brief, LIRC correctly observes that: "Probable cause, however, does not mean proof to a reasonable certainty by a preponderance of the evidence." The department now defines "probable cause" as follows:

> "Probable cause" means a reasonable ground for belief, supported by facts and circumstances strong enough in themselves to warrant a prudent person in the belief, that discrimination or unfair honesty testing probably has been or is being committed.

Wisconsin Adm. Code sec. Ind 88.01(8).

If there is an initial determination of no probable cause, as in this case, the complainant may file with the Equal Rights Division a written request for a hearing on the issue of probable cause. Wisconsin Adm. Code sec. Ind 88.08. After the hearing, the administrative law judge shall issue a decision and an order which dismisses the allegations of the complaint or which orders the matter remanded for conciliation pursuant to Wis. Adm. Code sec. Ind 88.09. Wisconsin Adm. Code sec. Ind 88.18(2). In this case, LIRC stated that it had no disagreement with the material findings of fact of the administrative law judge, but had prepared its own decision "merely in order to set forth more fully the basis upon which it arrived at the same result as the Administrative Law Judge."

Neither the WFEA, nor the administrative regulations impose on a complainant the obligation imposed by LIRC's conclusions of law and its memorandum decision. As noted, LIRC concedes that "probable cause" does not mean proof to a reasonable certainty by a preponderance of the evidence. Yet, the effect of LIRC's

decision is to impose on Boldt the obligation of proving he was discriminated against. Perhaps Boldt has that obligation, if ever, when LIRC reaches a hearing on the merits. However, at the probable cause stage, there is no requirement that a complainant "prove" the allegations of his or her complaint.